## DeBorbon's Estate.

*Taxation—Collateral inheritance tax—Life estates—Decedents' estates—Act of May 6, 1887, P. L. 79.*

Where testator directs his executor to pay "all the collateral inheritance tax on all the devises, bequests and legacies contained in this will as soon after my decease as the same can conveniently be done," and the executor pays the tax on the entire estate at its valuation at that time, the commonwealth cannot after the death of a life tenant, and after the estate has increased in value, impose any tax upon the remainder-men.

Where an executor has paid the collateral tax on the whole estate of the testator passing in possession or remainder, no appraisement need be made of the value of the life estate, and the remainders.

Argued February 28, 1905. Appeal, No. 337, Jan. T., 1904, by Commonwealth, from decree of O. C. Berks Co., dismissing exceptions to adjudication in Estate of William L. DeBorbon, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*William Kerper Stevens*, of *Stevens & Stevens*, for appellant.

*Frederick W. Nicolls*, for appellee.

PER CURIAM, May 1, 1905:

The testator bequeathed his residuary estate to a life tenant, with remainder to various legatees, all being subject to collateral inheritance tax. The will directed the executor to pay "all the collateral inheritance tax on all the devises, bequests and legacies contained in this will, as soon after my decease as the same can conveniently be done." Under this provision the executor paid the tax on the entire estate at its valuation at that time. Twelve years later, the life tenant having died, the commonwealth claimed the tax on the remainders, on the grounds that it was not due until the remainders came into possession, that the remaindermen not having paid it were now charged with the tax, and that the value of the estate having increased in the meantime, tax is payable on its present value.

By section 3 of the Act of May 6, 1887, P. L. 79, the tax on estates in remainder "shall not be payable until the person liable for the same shall come into actual possession of such estate by the termination of the estate for life or years; and the tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner as aforesaid." But the words "shall not be payable" mean only "shall not be demandable" by the state, as the right of the remaindermen to pay sooner is expressly given in the proviso to the same section, "provided, that the owner shall have the right to pay the tax at any time prior to his coming in possession, and in such cases, the tax shall be assessed upon the value of the estate at the time of the payment of the tax, after deducting the value of the life estate or estates for years."

The objection that the tax is payable by the remainder-men and not by the executor is one that concerns chiefly the life tenant who was not bound ordinarily to permit her estate to be lessened by payment of a charge primarily imposed on the remaindermen. But in the present case even she could not object for the testator directed the payment and gave the life estate cum onere.

It is objected further that no appraisement was made of the

values of the life estate and the remainders. None was required. The executor paid the tax on the whole estate of the testator passing in possession or remainder. The state received the full amount due to it under the statute, and has no standing now to complain that if the payment had been delayed the amount of it might have been larger.

Decree affirmed.