### Estate of Clarence V. Elliott, Deceased.

Argued April 17, 1934.

Before TREXLER, P. J., KELLER, STADTFELD, PARKER and JAMES, JJ.

*Linn Voorhees Phillips,* and with him *Anthony Cavalcante,* for appellant.

*Jos. W. Ray, Jr.* of *Shelby, Hackney & Ray,* for appellee.

Opinion by Keller, J., July 13, 1934:

Clarence V. Elliott, a resident of this State, died intestate October 24, 1931. Letters of administration on his estate were granted to the appellees, Clarence C. Gallagher and William Alt. Among the effects of the decedent which came into their control and possession as administrators were the contents of a safe deposit box, consisting of cash and securities of the appraised value of $21,104. These were included in the inventory and appraisement of the estate filed by the administrators, and in the appraisal for transfer, or inheritance, tax purposes made by the Commonwealth's agents, and a tax of ten per cent or $2,110.40 assessed, which the administrators paid, less a discount of five per cent for prompt payment, making a net payment of $2,004.88.

The administrators included these securities in their account and took credit for the tax so paid, $2,004.88 and in their recommendation for adjudication asked that the entire net balance of the estate, be awarded to the next of kin, collateral relatives of the decedent. One Teresa Salandra filed exceptions, and claimed that the decedent, less than two days before his death and after he had been told by his attending physician that he was going to die, had made her a gift causa mortis of the contents of the safe deposit box aforesaid and had effected constructive delivery thereof by handing her the keys to the box which was then in the bank vault. The orphans' court rejected her claim, but on appeal to the Supreme Court the decree was reversed in so far as it denied her the right

"to the money and securities found in the safe deposit box, together with the dividends which have accrued on these securities since the decedent's death, and they [were] awarded to her, free of all costs of administration." Elliott's Est., 312 Pa. 493, 167 A. 357. The administrators thereupon filed a supplemental account, with accretions to date, and in their recommendation for distribution asked that the contents of the safe deposit box be turned over to Teresa Salandra, together with all accumulations and without costs of administration, but subject to the transfer tax paid as aforesaid. The orphans' court so ordered, and directed the tax paid, $2,004.88, to be deducted from the moneys and securities in the safe deposit box and accumulations, amounting in all to $23,598.50. Mrs. Salandra has appealed.

She advances three contentions:

1—That a gift causa mortis is not subject to the transfer tax on property passing from a decedent, or grantor, under the Act of June 20, 1919, P. L. 521 and its amendments.

2—That if subject it must be paid out of the estate, and not by the donee causa mortis.

3—That the orphans' court had no jurisdiction to order the tax to be deducted and paid from the award in her favor.

We think the case was rightly decided.

1—Whether the title to the Act of June 20, 1919, P. L. 521, providing for the imposition and collection of certain taxes upon the transfer of property passing from a decedent, who was a resident of this Commonwealth at the time of his death, etc., was broad enough to include a transfer of property made by a resident by a "gift made in contemplation of death" of the donor, and executed by a valid gift causa mortis, (See Spangler's Est., 281 Pa. 118, 126 A. 252), the amendatory Acts of May 16, 1929, P. L. 1795 and

June 22, 1931, P. L. 690, which were in force when the decedent died, leave no doubt on the subject. The Act now includes in its title: "defining and taxing transfers made in contemplation of death." That a gift causa mortis is one "in contemplation of death" is not open to question. "Gifts inter vivos and gifts causa mortis differ in nothing, except that the latter are made in expectation of death, become effectual only upon the death of the donor and may be revoked —otherwise the same principles apply to each": 2 Bouvier's Law Dictionary—Rawle's 3d Revision,— 1354. "When the gift is prompted by the belief of the donor that his death is impending, and is made as a provision for the donee, *if death ensues,* it is distinguished from the ordinary gift inter vivos and called *donatio mortis causa*": Walsh's App., 122 Pa. 177, 187, 15 A. 470. "Donatio mortis causa must be a gift made by the donor in contemplation of the approach of death": Lord Eldon in Duffield v. Elwes, 1 Bligh N. S. 536. The Supreme Court in McHale v. Toole, 258 Pa. 293, 101 A. 988, held that two of the essential elements of a gift mortis causa were, (1) it must be made in contemplation of death, and (2) there must be a complete delivery (p. 295). The gift must be *with a view* to the donor's death and to take effect only on his death then in contemplation: Rhodes v. Childs, 64 Pa. 18. It is a gift of a chattel made by a person in contemplation of death subject to the implied condition that if the donee die first, or the donor do not die, the gift is void: Gourley v. Linsenbigler, 51 Pa. 345; Michener v. Dale, 23 Pa. 59. See also, 12 R. C. L. 962, Section 36; 7 A. L. R. 1028, 1030; 28 C. J. 687, Section 97; 688, Section 100. The terms. 'in contemplation,' 'in expectation,' 'in view,' 'in prospect,' are all synonymous: Shorter Oxford English Dictionary—See 'Contemplation.'

2—Unless the will, deed, grant or gift **expressly**

provide otherwise the transfer tax is ultimately payable by the legatee, grantee or donee, or out of the property or estate passing to him: Act of June 20, 1919, supra, secs. 2, 3, 14, 16, 19, 20; Coxe's Est., 181 Pa. 369, 387, 37 A. 517; DeBorbon's Est., 211 Pa. 623, 61 A. 244; Tallman's Est., 10 D. & C. 89, 90; Bryant's Est., 315 Pa. 151, 173 A. 190. It is the transfer of property that is taxed (Lowry's Est., 314 Pa. 518, 171 A. 878, and the tax is payable by the transferee, if he accepts it.

3—This was not a case within the rule declared in Cutler's Est., 225 Pa. 167, 73 A. 1111. The safe deposit box and its contents were in the actual custody and control of the administrators. The delivery, by Elliott to Mrs. Salandra, of the keys to it, while valid and effectual, was only a "constructive or symbolical delivery" of the securities which it contained. (Elliott's Est., 312 Pa. 493, 500, 167 A. 357). The administrators were required by law to include the contents in their inventory and appraisement and to account for them; to pay the transfer tax on their net appraisal value, deducting it from the distributees, in case it was distributed as part of the decedent's estate; or from the donee, in case a gift causa mortis, or in contemplation of death, were subsequently proved in the orphans' court. If the securities were needed to pay the debts and obligations of the decedent, they were to be applied by the administrators to that purpose, as far as necessary, before the donee causa mortis reaped any benefit from them: Nicholas v. Adams, 2 Wharton 17, 22. Mrs. Salandra's claim to the property was properly made in the orphans' court, and that court had jurisdiction of the subject matter. Any appeal from the tax appraisement had to be to the orphans' court (Act of 1919, supra, sec. 13; Leffmann's Est., 312 Pa. 236, 167 A. 343). It had control of the property in the possession of the ad-

ministrators and jurisdiction over the tax due the Commonwealth arising from the transfer of property made by the decedent in contemplation of his death. If the tax had not been paid by the administrators it could have ordered its payment out of the fund awarded to the donee. The Commonwealth was entitled to the transfer tax of ten per cent of the value of the property passing by the gift causa mortis. It was properly payable by the donee of the gift causa mortis. The administrators having in the orderly course of their administration paid the tax to the Commonwealth, to the relief of the donee, and having in their custody and possession the money and securities constituting the gift, it was within the power and authority of the court in ordering them to turn over the subject of the gift to the donee causa mortis to authorize them to deduct and reimburse themselves for the transfer tax thus paid for her account: Constable's Est., 299 Pa. 509, 149 A. 743. The transfer tax due the Commonwealth formed no part of the 'costs of administration,' from which the gift was exempted by the judgment of the Supreme Court. That had reference to commissions and counsel fees and like charges; not to taxes imposed by the laws of the Commonwealth on the transfer of property in contemplation of the death of the donor, who shortly thereafter died, thus rendering the gift or transfer effectual and subject to tax.

The assignments of error are overruled and the decree is affirmed at the costs of the appellant.