ESTATE OF EDWIN E. JACK, GEORGE M. NAY AND FRANCIS P. DENNY, EXECUTORS, PETITIONERS, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6530.   Promulgated February 6, 1947.

*Oliver A. Wyman, Esq.*, and *Edward Hyde Earle, Esq.*, for the petitioners.

*Carl A. Stutsman, Esq.*, and *Arnold R. Cutler, Esq.*, for the respondent.

SUPPLEMENTAL OPINION.

ARUNDELL, *Judge*: An opinion of this Court in the instant proceeding was promulgated on February 21, 1946, and reported at 6 T. C. 241, with decision to be entered under Rule 50. In the course

of settlement under that rule questions have arisen which necessitate a further opinion and ruling on the issues raised.

The computations filed by the respective parties differ as to the amount of charitable deduction to which the estate is entitled. The petitioners claim $118,912.88 and the respondent allows $90,978.44. This results in a difference in tax liability of about $8,500.

The facts pertinent here, briefly reviewed, are these: The decedent died leaving a gross estate of the approximate value of $730,000. Debts and charges amounted to about $57,000. After specific bequests of certain tangible personalty and a life use of the family residence to his widow, the decedent left the residue of his estate in trust, with the income therefrom to be paid to his widow during her life. At her death specific bequests, totaling $3,000, were to go to certain charities, and specific bequests, totaling about $41,000, were to go to non-charitable legatees. Of the remainder of the corpus, 24/100 was to be distributed to designated charities and the other 76/100 to non-charitable legatees.

The present controversy between the parties relates to the proper construction of the proration or apportionment statute of the State of Massachusetts, adopted June 11, 1943. Ann. Laws of Mass., ch. 65A, § 5.[1]

Although the decedent died November 16, 1942, before the enactment of that statute, the respondent agrees that it is applicable in the instant proceeding because the Federal and state taxes were not paid until 1944. See *Merchants Nat. Bank* v. *Merchants Nat. Bank*, 318 Mass. 563; 62 N. E. (2d) 831.

Section 812 (d) of the Internal Revenue Code, in allowing deduction for charitable bequests, contains the provision that if the Federal estate tax:

---

[1] *§ 5. Equitable Apportionment of Tax among Persons Interested in Estate.*—Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other person acting in a fiduciary capacity, has paid or may be required to pay an estate tax levied or assessed under the provisions of this chapter, or under the provisions of any estate tax law of the United States heretofore or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid or payable, except as otherwise directed or provided in the decedent's will, * * * shall be equitably apportioned and prorated among the persons interested in the estate. Such apportionment and proration shall be made in the proportion as near as may be that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate; provided, that it shall accord with applicable estate tax laws of the United States where such laws specify with respect to an apportionment. In making such apportionment and proration allowance shall be made for any exemptions granted by the act imposing the tax, and for any deductions allowed by such act for the purpose of arriving at the value of the net estate; and in cases where a trust is created or other provisions made whereby any person is given an interest in income or an estate for years, or for life, or other temporary interest in any property or fund, the tax on both such temporary interest and on the remainder thereafter shall be charged against and be paid out of the corpus of such property or fund without apportionment between remainders and temporary estates. * * *

\* \* \* or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devices reduced by the amount of such taxes.

There is no direction in the will of the instant decedent with reference to the payment of taxes. In the circumstances, section 812 (d) thus makes state law applicable in determining the ultimate amount of the charitable deduction to which an estate is entitled for Federal estate tax purposes. The purpose of the quoted provision is to limit the deduction for charitable bequests to the amount which the decedent has in fact and in law devised or bequeathed to charity [2]—in other words, to the amount which the charity actually receives in the case of an outright gift, or to the present worth of the amount which the charity will ultimately receive in the case of a remainder or other future interest.[3] *Harrison* v. *Northern Trust Co.*, 317 U. S. 476. But the state law, which governs the ultimate impact or distribution of the burden of the Federal estate tax among the beneficiaries of the estate, *Riggs* v. *Del Drago*, 317 U. S. 95, will thereby likewise determine the amount which charity will actually receive.

Respondent has determined a total Federal estate tax liability of $140,481.80. In his computation of the charitable deduction, he has charged to the residuary estate, thereby reducing the amount available for charity, $138,367.10 of the total Federal estate tax liability, Massachusetts estate tax of $13,578.82, and Massachusetts inheritance tax of $3,563.01 on the widow's life estate. Of the entire Federal estate tax, he has excluded only $2,114.70, which, according to his calculation, is the amount thereof attributable to the specific bequests to the widow and an annuity; and he has likewise excluded the amount of Massachusetts inheritance tax on the same items.

Petitioners take the position that the amount of the charitable deduction is to be reduced only by the Massachusetts inheritance tax on the value of the widow's life estate, and they have made a computation accordingly.

The Massachusetts courts have apparently not had occasion to interpret the Massachusetts apportionment statute in so far as it relates to charities. A decision of the Supreme Judicial Court of that state, *Merchants Nat. Bank* v. *Merchants Nat Bank*, *supra*, p. 836, however, throws some light on the general purpose of the statute and the reasons for its adoption. It was there said:

\* \* \* Although testators under this Federal taxing act could direct the manner in which the burden of this tax was to be assumed, \* \* \* yet failures

[2] H. Rept. No. 708, 72d Cong., 1st sess., p. 49.
[3] Cf. Regulations 105, sec. 81.44.

to give such directions, which in many cases might be thought to be due to inadvertence, have often resulted in the depletion or substantial reduction of residuary estates by using them to pay the Federal estate tax. Moreover, it was thought inequitable to compel a residuary legatee to bear the entire burden of a tax upon a transfer of property, much of which was received by persons other than the taxpayer, unless a testator so directed. In such instances, the apportionment statute, St. 1943, c. 519, provides for the distribution of the burden of the Federal tax in accordance with the benefits received by those to whom the property of the decedent has been transferred. * * * The aim and object of our statute is the equitable distribution of the tax among all those who received property which was included in the gross estate for the purpose of computing the Federal tax. * * *

See also *In re Rappaport's Estate*, 167 Misc. 164; 3 N. Y. S. (2d) 616, to the same effect with reference to the New York apportionment statute.

New York and Pennsylvania have apportionment statutes which, so far as pertinent to the problem here, are substantially identical with the Massachusetts statute. The New York statute was adopted in 1930, Decedent Estate Law, § 124; and the Pennsylvania statute was adopted in 1937, 20 Pa. Stat. (Purdon) § 844. The courts of these two states have on a number of occasions been called upon to interpret their statutes in cases involving charities; and these decisions, we think, are pertinent to the problem before us.

*In re Starr's Estate*, 157 Misc. 103; 282 N. Y. S. 957, was a case involving an estate, the residue of which was divided into two equal parts and life interests in each part were given to certain named persons. The remainder of one part was vested in designated charities, and the remainder of the other part was given only contingently to charities. The taxing authorities had ruled that in determining the tax on the estate deduction should be allowed only for the vested charitable remainder, and then the question arose as to how the burden of the estate tax should be apportioned as between the remaindermen. The court there said:

Unless recognition is given to the fact that deduction of the value of the remainder vested in the charities has resulted in a lessened total tax on the residuary and unless the source of the deduction resulting in such lessened total tax is taken into account in the apportionment of the taxes, the result will be that each half of the residue of the estate will bear an equal burden of the tax, though as to one-half only a portion of the property (*i. e., the value of the life estates in it*) was actually considered as subject to tax. [Italics added.]

With reference to section 124 of the Decedent Estate Law, the court added the following:

* * * This statutory rule of apportionment may be simply paraphrased by saying that it requires the actually taxed property to pay the tax in fair proportions.

It is plain on the facts here that, in respect of one half of the residuary, only so much of its value as represented the value of the life estates in that share has

been taxed at all. It is equally clear in respect of the other half of the residuary that its entire value has been taxed. Since the taxed property should pay the tax and since the taxed property comprises (a) the entire value of the one half of the residuary plus (b) the value of the life interests only in the other half, the burden of the tax apportioned to the residuary should be borne by the respective residuary trusts in the proportions fixed by the ratio which the value of taxed portion of each share in the residuary bears to the total value of residuary property actually taxed.

In *In re Blumenthal's Estate*, 46 N. Y. S. (2d) 688, 26 per cent of the residuary estate of the testator was given outright to certain charities and the other 74 per cent to noncharitable beneficiaries. The question arose as to the apportionment of the Federal estate taxes among these residuary legatees. The court held that in the apportionment the outright gifts to the charities should be excluded, since they had been deducted in ascertaining the net estate upon which the taxes were computed and fixed, and it further held that the estate taxes should not be deducted from the entire residue, but that the percentages of the residue should first be computed and the taxes apportioned against only the noncharitable beneficiaries. That case also involved another bequest of tangible personal property in which the testator's widow was given a life interest, with remainder to the charity. So far as apportionment of the taxes attributable to that bequest was concerned, the court said:

* * * pursuant to the terms of Section 124, * * * *the estate taxes on the legal life estate* in certain tangible property given by the testator to his widow under article twenty-fifth of the will must be charged against the corpus of such tangible personal property. It is immaterial that the remainderman is a charity. The terms of Section 124 which direct that the proportional share of the taxes shall be charged out of the principal of the fund or property are mandatory. [Italics added.]

The portion of section 124 to which the court had reference was the provision reading:

* * * that in cases where a trust is created, or other provision made whereby any person is given an interest in income, or an estate for years, or for life, or other temporary interest in any property or fund, the tax on both such temporary interest and on the remainder thereafter shall be charged against and be paid out of the corpus of such property or fund without apportionment between remainders and temporary estates.

The Supreme Court of Pennsylvania, in *In re Harvey's Estate*, 350 Pa. 53; 38 Atl. (2d) 262, was called upon to determine the application of the Pennsylvania apportionment statute in a case involving charitable bequests. The court there said that:

* * * the purpose of the Pennsylvania Act is to equitably apportion the burden of the tax. Therefore, in our opinion the application of the equitable doctrine of contribution demands that the tax be borne commensurately by those

whose gifts contribute to the tax burden and conversely that there be eliminated from such burden all whose legacies do not in any way create or add to the tax.

The foregoing cases, it seems to us, establish the rule that outright gifts to charities bear no part of the tax burden, since they have not contributed to the total amount of tax. For this reasoning, logical in itself, the courts find further support in that provision of the apportionment statutes to the effect that in making proration "allowance shall be made for any exemptions granted by the act imposing the tax, and for any deductions allowed by such act for the purpose of arriving at the value of the net estate." These cases also establish the rule, we think, that where a charity has not an outright bequest, but only a remainder interest after a preceding life estate, the charity must bear (in the sense that its bequest will be thereby reduced) only so much of the tax as is attributable to the preceding life estate. This is because of the provision in the apportionment statute which prevents apportionment as between a life tenant and remainderman.

In the instant case the charities have a remainder interest of 24 per cent of the residuary estate after deducting the specific bequests to be paid upon the death of the decedent's widow. Since deduction is allowed under the Federal statute not for the full value of the 24 per cent share, but only for the present value of the remainder, the widow's life estate in that 24 per cent share is included in the net taxable estate and contributes to or causes an aliquot part of the total tax burden. Applying the provision of the apportionment statute as construed by the decisions above discussed, the charities must bear that part of the tax which is allocable to or caused by the inclusion of the widow's life interest in the 24 per cent share given to charities. That is to say, the 24 per cent share of the corpus must be reduced by the amount of such tax, but it should bear no greater portion of the total tax.

The effect of respondent's computation, whereby he charges to the residue all the Massachusetts estate tax and all the Federal estate tax (except for about $2,000) before determining the 24 per cent share to which the charities are entitled, is clearly to make the charities bear not only the tax attributable to the widow's preceding life estate in the 24 per cent share of corpus, but also 24 per cent of the tax attributable solely to the noncharitable remainders in the other 76 per cent share of the corpus. In other words, the tax attributable to the "taxable" remainders is spread equally among all the remaindermen, including the charities, in spite of the fact that the charitable remainders are not "taxed," that is, they do not contribute to the total tax burden because they are deducted in determining the net taxable estate. We are convinced that this result is not in accord with the

apportionment statute. The proscription in that statute with respect to temporary estates is, as the petitioners point out, only against proration as between life tenants and remaindermen and not as between or among the remaindermen themselves.

The respondent insists that petitioner is seeking to reestablish the doctrine of *Edwards* v. *Slocum*, 264 U. S. 61, to the effect that the charitable residue is to be computed before determining the estate tax due and that the charitable deduction is not to be reduced on account of Federal estate taxes. He argues that section 812 (d) of the Internal Revenue Code amounts to "legislative reversal" of the *Slocum* case. It is true that the Supreme Court, in *Harrison* v. *Northern Trust Co.*, *supra*, did speak of section 812 (d) as being a legislative reversal of the *Slocum* case. But it was a reversal only to the extent that the deduction for a charitable bequest is to be reduced by the amount of the estate tax which, *under state law*, is payable out of the bequest or serves to reduce the amount which charity receives. The state law in the *Slocum* case was such that the tax was chargeable to the residue, and so reduced the amount which ultimately went to charity. We therefore think that the respondent's contention in this respect is without merit.

Petitioners have conceded that the Massachusetts inheritance tax (under chapter 65, as distinguished from the Massachusetts estate tax under chapter 65A) on the widow's life estate is to be deducted from the residuary estate. After effect is given to this concession and the 24 per cent share of the residue available for charity is determined, we conclude that a proper computation will be one which has the result of reducing the share thus determined by only such amounts of the Federal and state estate taxes as are attributable or allocable to the widow's life estate in that share. A similar treatment should be accorded the $3,000 specific bequests to go to charity at the life tenant's death. These amounts so reduced are, it seems to us, the amounts which the charities will ultimately receive under Massachusetts law; and, accordingly, the present worth of the deferred right to receive such amounts should be the measure of the deduction under section 812 (d) of the code. We leave to the parties the matter of working out the details of a computation to accomplish that result. In view of *Harrison* v. *Northern Trust Co.*, *supra*, we need not be concerned by the fact that an algebraic formula must be employed to. solve the problems caused by the presence of two interdependent unknowns, particularly since the respondent found it necessary to use such a formula in the computation which he has submitted.

The parties should submit new computations in accordance with this opinion, and it is so ordered.

---

⁴ See H. Rept. No. 708, 72d Cong., 1st sess., p. 50.