ESTATE OF EDWARD V. BABCOCK, DECEASED, MELLON NATIONAL BANK AND TRUST COMPANY AND MARY A. BABCOCK, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44791. Filed February 18, 1955.

*Paul G. Rodewald, Esq.*, for the petitioner.
*Edward L. Cobb, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $1,112,253.63 in estate tax. The case has been presented on stipulated facts which settle all of the issues but one. The stipulations are adopted as the findings of fact.

The estate tax return was filed with the collector of internal revenue for the twenty-third district of Pennsylvania.

The only question upon which the parties disagree is whether the 2 per cent Pennsylvania inheritance tax, imposed upon the share of the estate going to the widow, reduces the net value of that interest in the estate of the decedent for which a marital deduction is allowed under section 812 (e). There shall be taken into account in determining that value "the effect which * * * any * * * inheritance tax, has upon the net value to the surviving spouse of such interest." Sec.

812 (e) (1) (E) (i) (1939 Code). The decedent and his wife lived in Pennsylvania at the time of his death in 1948. His widow elected to take against his will and thereby became entitled under the laws of Pennsylvania to one-third of the net value of his estate. Her receipt of that portion of his estate was subject to a 2 per cent Pennsylvania inheritance tax, Act of June 20, 1919 (P. L. 521). The executors must be sure that the inheritance tax due is paid and, as the petitioner states, "they are authorized to deduct such taxes before making distribution of such property, 72 P. S. § 2352." That tax, in the absence of direction by the testator, is a charge not against the estate but against the property received or to be received by the widow, regardless of whether it is paid by her or by the estate, *In re Elliott's Estate*, 113 Pa. Super. 350, 173 Atl. 880; *In re Youngblood's Estate*, 117 Pa. Super. 550, 178 Atl. 517; *In re Mellon's Estate*, 347 Pa. 520, 32 A. 2d 749, 753; *In re Spangenberg's Estate*, 359 Pa. 353, 59 A. 2d 103, and thus it has the effect of reducing "the net value to the surviving spouse of such interest" within the meaning of section 812 (e) (1) (E) (i). The Commissioner, in determining the deficiency, has subtracted the 2 per cent inheritance tax on the widow's share in computing the marital deduction. The petitioner concedes that certain further adjustments are to follow if the inheritance tax has that effect.

The petitioner contends as follows:

Under applicable state law, the property passing to the surviving widow and otherwise qualifying for the marital deduction under Section 812 (e) is not to be charged with any Pennsylvania inheritance tax since all Pennsylvania inheritance taxes will be used as a part of the credit for state death taxes allowable against the gross federal estate tax.

1. Under Pennsylvania law, in the absence of a contrary direction in the decedent's will, estate taxes are borne commensurately by only those persons who receive property which creates or adds to the federal estate tax burden.

2. Under Pennsylvania law, estate tax apportionment is based on the gross federal estate tax before allowance of the credit for state death taxes, and inherit-

2. Under Pennsylvania law, estate tax apportionment is based on the gross federal estate tax and not as charges to be borne by any particular person.

3. Since all Pennsylvania inheritance taxes will be allowed in full as a credit against the gross federal estate tax, no part of the burden of such inheritance taxes will fall upon the surviving widow or on the property passing to her.

The Commissioner agrees with the petitioner's point 1 above, but disagrees with important parts of 2 and 3. He strongly disagrees with the statements therein that inheritance taxes used as a credit against Federal estate taxes are not "charges to be borne by any particular person" and "no part of the burden of such inheritance taxes will fall upon the surviving widow or on the property passing to her," which mean that the Pennsylvania inheritance tax on the share of the estate passing to the widow is not to be paid by her or deducted from her share of the estate, as provided by the Pennsylvania Transfer In-

heritance Tax law, but, contrary thereto, is to be paid from other property of the estate, as if it were a charge against the estate, thus reducing the property which is to go under the will to other beneficiaries. These contentions of the petitioner are contrary to the laws of Pennsylvania as we understand them from the words of the laws and from decisions of the courts of Pennsylvania.

The courts of Pennsylvania have held under the Estate Tax Apportionment law of Pennsylvania that no part of the estate tax is to be apportioned to a share of the estate which is deductible in computing the net estate but all is to be apportioned among those parts of the estate which give rise to the estate tax. *In re Harvey's Estate*, 350 Pa. 53, 38 A. 2d 262. The Commissioner recognizes the applicability of that law in this case and that no estate tax is allocable to the part of the estate making up the marital deduction. *In re Rosenfeld's Estate*, 376 Pa. 42, 101 A. 2d 684. The petitioner contends that the 2 per cent Pennsylvania inheritance tax on the widow's one-third of the estate, all of which is allowable as a credit against the Federal estate tax, is not payable by the widow or from her one-third but, by reason of the 1937 Estate Tax Apportionment law of Pennsylvania, is "absorbed" in the payment of the estate tax, that is, the entire estate tax is apportioned to the other beneficiaries or is deducted from their distributable shares of the estate, the estate does not need that much to pay the estate tax because of the credits, and it uses a part of the excess amount thus obtained to pay the inheritance tax on the widow's share of the estate to the State of Pennsylvania. If that were the law of Pennsylvania, it would have to be followed here and the inheritance tax would have no effect upon the amount of the marital deduction. However, the cases, such as *In re Mellon's Estate*, *supra*, cited by the petitioner, do not establish any such rule.

The Commonwealth was trying to intervene in that case to relieve the estate of Jennie King Mellon from as much of the burden of the Federal estate taxes on the estate of Richard B. Mellon as it could and thus increase her estate for Pennsylvania tax purposes. It sought to have her estate benefit from credits for inheritance tax paid by other beneficiaries of the estate of Richard B. Mellon, although she had received an inter vivos transfer made by Richard in contemplation of death on which no inheritance tax was imposed. The holding of the court was that the estate of Jennie King Mellon had to pay its full apportioned share of the Federal estate tax undiminished by credits for inheritance tax paid or payable by other shares of the estate which were burdened with their apportioned share of the Federal estate tax. That holding does not decide the present question or help the case of the present petitioner.

Apparently the court intended in the *Mellon* case that each beneficiary would pay his apportioned part of the estate tax by using

any credit for inheritance tax arising from inheritance tax paid by him on his own share of the estate and using cash or a charge against his share of the estate for the balance. But however those credits were to be used, there is in the Babcock estate the further complication of who benefits from a credit for inheritance tax paid on the share of the estate going to the widow, to which no part of the estate tax is apportioned. That point was not decided in the *Mellon* case or in any other Pennsylvania case cited and relied upon by the petitioner. That credit cannot benefit the widow's share of the estate since her share is not burdened with any apportioned part of the estate tax. Yet it costs her nothing since she cannot avoid payment of the Pennsylvania inheritance tax on her share of the estate. Thus this credit granted by section 813 (b), Internal Revenue Code of 1939, is, in effect, a windfall for the estate since it does not have to pay the tax giving rise to the credit. An equitable way to handle that credit would be to allow it to benefit pro rata each share of the estate burdened with an apportioned part of the estate tax. An argument that the credit represents an imposition of the Federal estate tax upon the widow, from which she must be relieved by apportioning the payment of her inheritance tax to other beneficiaries, is unsound. There was no law in 1948 which provided that the incidence of the Pennsylvania inheritance tax should shift from the beneficiary to the estate, to the extent that it offset, by credit, the estate tax otherwise payable by the estate, or that it should shift to the portions of the estate burdened with payment of the estate tax under the apportionment law. That law, enacted in 1937, was merely intended to make an equitable apportionment of the estate tax among the shares of the estate (or the beneficiaries thereof) which "contribute" or "add to the tax," where the testator had not directed how the estate tax was to be paid. That law was not intended and did not purport to relieve any beneficiary from inheritance taxes imposed by prior law of Pennsylvania. *Geary's Estate*, 55 D & C 381. Thus the interest of the widow in the estate will be reduced by the Pennsylvania inheritance tax on that interest. Cf. *Estate of Edwin E. Jack*, 8 T. C. 272.

The petitioner makes the further argument that the Orphans' Court of Allegheny County, Pennsylvania, has already decided that the interest of the widow in this estate is not to be reduced by the inheritance tax on that interest and the Tax Court is bound by that decree. The petitioner relies upon a statement in the schedule of distribution attached to a decree of partial distribution issued by the auditing judge of the Orphans' Court describing the widow's share as subject to payment, *inter alia*, of "any inheritance taxes attributable to her share and not absorbed by credit against the gross federal estate tax." The argument is that the words "not absorbed by credit against the gross federal estate tax" mean that her interest in the

estate is not to be reduced by any inheritance taxes thereon which are credited against the estate tax. We are not sure that the words indicate such an intention upon the part of the judge but, in any event, they do not require the Tax Court to hold contrary to its best judgment in this case. The inheritance taxes have not been finally determined and no petition for apportionment of the estate taxes has been filed in that proceeding. The decree in question was reversed as to other items in the schedule. There has been no final accounting or decree in that estate proceeding. The words used in directing the partial distribution are not necessarily final since the auditing judge must deal further with the estate and his final decision will be subject to review by the full Orphans' Court of the county and by a higher court of the Commonwealth, in the course of which we would expect a holding that the crediting of the Pennsylvania inheritance tax against the Federal estate tax does not relieve the widow or her interest in the estate from the burden of the Pennsylvania inheritance tax.

*Decision will be entered under Rule 50.*