John Keating, John T. Cunningham, Robert B. Cunningham, Samuel A. Cunningham, Martha Morrow (née Keating), John W. Keating, Jos. M. Keating, Mary Keating, Elizabeth Keating and Margaret Keating, Appellants, *v.* James McAdoo.

*Will—Devise in fee—Cutting down estate.*

Testator devised one fourth of the residue of his estate to a daughter "and to her heirs and assigns forever." In a subsequent portion of his will he directed as follows: "If any of my said children shall die without leaving lawful children, the part devised to such child shall go to and be equally divided among my other children, who shall then survive the child so dying without lawful children, and if any of my children die leaving children or a child, then such child or children shall be entitled to the same share of the estate of any of my children who shall die without leaving lawful issue that the parent of such child or children would

have been entitled had such parent been alive at the time of the death of my said child so dying without issue." *Held*, that there was nothing in the will to show a clear intent to cut down the fee given to the daughter to a life estate.

*Will—Trusts and trustees—Separate use trust.*

A testator, having real and personal property, devised and bequeathed one fourth of the residue of his estate to his daughter R. By a subsequent clause in his will he directed as follows: "The estate which I have bequeathed to my said daughters, R. and M., shall not be liable to the debts, nor subject to the control of their respective husbands." In all parts of the will the testator used the word "devise" in connection with real estate, and his use of technical words throughout the will was uniformly accurate. *Held*, that the separate use trust was confined to the personal property only.

Argued Nov. 11, 1896.     Appeal, No. 196, Oct. T., 1896, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., June Term, 1892, No. 563, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLLUM, MITCHELL, DEAN, and FELL, JJ.     Affirmed.

Ejectment for a lot of ground in the city of Pittsburg. Before COLLIER, J.

At the trial it appeared that the land in question formerly belonged to John Keating, and after his death had, in partition proceedings, been awarded to his daughter Rebecca. .

The defendant claimed as successor in title to Rebecca.

The plaintiffs were the heirs at law of Rebecca. Both Rebecca and her husband were dead at the time suit was brought.

The will of John Keating was as follows:

" And as to my worldly estate I dispose of the same as follows, that is to say: I bequeath to my beloved wife, Martha, the sum of Four hundred dollars a year during the term of her natural life, also the use of the mansion house in which we now live and the use of the household furniture during her natural life, which bequest it is my will shall be in lieu of dower. I bequeath to my granddaughter, Martha Ann, daughter of my son Joseph, the sum of One hundred dollars a year during the life of my wife, her grandmother. And I further bequeath to my said granddaughter the sum of Three hundred dollars when she arrives at the age of twenty-one years. I also bequeath to my daughter Martha the sum of twenty-five dollars to be paid to

her in addition to the share of my estate which I hereinafter leave to her within one year after my decease. The farm of land which I purchased from William Irwin, situated in Kiskiminitas township, Armstrong county, Pennsylvania, I devise to my two sons, Joseph and John; to have and to hold the said farm of land to them by my said sons, Joseph and John, their heirs and assigns forever, as tenants in common and not as joint tenants. My other children to have no interest nor estate in said farm. All the rest and residue of my property, real, personal and mixed, in possession, reversion or remainder, I devise and bequeath of as follows, to wit: One-fourth part thereof I devise and bequeath to my son Joseph, his heirs and assigns forever. One-fourth part thereof I devise and bequeath to my son John, his heirs and assigns forever. One-fourth part thereof I devise and bequeath to my daughter Rebecca (intermarried with Robert McAdams), and to her heirs and assigns forever. And the other one-fourth I devise and bequeath to my daughter Martha (inter-married with Robert Cunningham), her heirs and assigns forever. It is my will that the estate which I have bequeathed to my said daughters, Rebecca and Martha, shall not be liable to the debts, nor subject to the control of their respective husbands. It is further my will that if any of my said children shall die without leaving lawful children, the part devised to such child shall go to and be equally divided among my other children who shall then survive the child so dying without lawful children. And if any of my children die leaving children or a child, then such child or children shall be entitled to the same share of the estate of any of my children who shall die without leaving lawful issue that the parent of such child or children would have been entitled had such parent been alive at the time of the death of my said child so dying without issue. It is my will that the estate which I have herein devised to my said children shall be bound by and subject to the payment of my debts, funeral expenses and the legacies which I have hereby bequeathed, and that the same shall be paid in equal proportions by my said four children. It is my will that my daughter Rebecca and her family shall, if she desires it, have the privilege of living in that part of my mansion house which she now occupies without being liable to pay any rent for the same for three years after my death. After

the decease of my said wife the household furniture to be equally divided among my said four children, share and share alike.  Lastly, I do hereby nominate and appoint my sons Joseph and John, Graham and Robert Moore (superintendent of the city of Pittsburg waterworks), the executors of this my last will and testament.  In testimony whereof I have hereunto subscribed my hand and placed my seal this ninth day of March, A. D., 1843."

The court gave binding instructions for the defendant.

Verdict and judgment for defendant.  Plaintiffs appealed.

*Error assigned* was above instruction.

*R. E. Stewart* and *J. McF. Carpenter*, with them *J. M. Shields*, for appellants.—No particular form of words is necessary to create a trust for the separate use of a married woman, the question in any given case being "one of intention and not of technical expression:" Hannes's Est., 29 W. N. C. 414; Rigler v. Cloud, 14 Pa. 361; Yarnall's App., 70 Pa. 335; Quin's Est., 144 Pa. 444; Steinmetz's Est., 168 Pa. 171; MacConnell v. Lindsay, 131 Pa. 476.

The general rule is that if on a fair construction of the whole will the intention of the testator is that the devise over is to take effect after an indefinite failure of issue, in that case the first estate is a fee tail.  But where the limitation over is to take effect, not on an indefinite, but on a definite failure of issue, as a failure of children or a failure of issue within a given time, the limitation over shall not raise an estate tail in the first taker: Mitchell's Real Estate & Conveyancing, 107; Johnson v. Currin, 10 Pa. 498; Middleswarth's Adm'r v. Blackmore, 74 Pa. 414; Hill v. Hill, 74 Pa. 173; Bedford's App., 40 Pa. 18; Cameron v. Coy, 165 Pa. 290.

*A. M. Brown*, with him *John D. Brown*, for appellee.—Rebecca McAdams having survived her father, took an absolute estate in fee simple, without any limitation over: Morrison v. Truby, 145 Pa. 540; Mickley's App., 92 Pa. 514; King v. Frick, 135 Pa. 575; Fahrney v. Holsinger, 65 Pa. 388; Coles v. Ayres, 156 Pa. 200; Caldwell v. Skilton, 13 Pa. 152; Mitchell, Adm'r, v. Pittsburg, Fort Wayne & Chicago Ry. Co., 165 Pa. 645.

The creation of a separate use is always a question of intention to be gathered from the will, the surrounding circumstances, and the condition of the estate and family, and the burden of proof is upon those claiming the creation of such separate use trust, to show it by language clearly indicating such intent: MacConnell v. Wright, 150 Pa. 275; MacConnell v. Lindsay, 131 Pa. 476; 2 Schouler on Domestic Relations, 189; 2 Perry on Trusts, sec. 647; Hill on Trustees, 611.

If the intent is not clear, the courts will declare against it, although there are clauses showing a desire to exclude the husband from certain marital rights: Rank v. Rank, 120 Pa. 195; Ringe v. Kellner, 99 Pa. 463; Morrison v. Dollar Savings Bank, 36 Leg. Int. 215; Chrisman v. Wagoner, 9 Pa. 473; Todd's App., 24 Pa. 431; 2 Williams on Executors, 1079; Carroll v. Burns, 108 Pa. 386.

*Watson & McCleave* and *W. A. Lewis*, for appellee, argued in their printed briefs:

The devise to Rebecca McAdams was not a separate use trust, but a fee simple absolute, with unrestricted power of alienation: Rank v. Rank, 120 Pa. 195; MacConnell v. Lindsay, 131 Pa. 476; Ringe v. Kellner, 99 Pa. 464; Porter's App., 94 Pa. 332; Chrisman v. Wagoner, 9 Pa. 473; Hays v. Leonard, 155 Pa. 478.

OPINION BY MR. JUSTICE MITCHELL, January 4, 1897:

The will of John Keating, Sr., begins, so far as concerns this controversy, by a devise of the premises in suit to his daughter in fee, to her " and to her heirs and assigns forever." Is this clearly cut down to a lesser estate in any subsequent clause ? The words which are claimed to have that effect are "if any of my said children shall die without leaving lawful children, the part *devised* to such child shall go to and be equally divided among my other children, who shall then survive the child so dying without lawful children, and if any of my children die leaving children or a child, then such child or children shall be entitled to the same share of the estate of any of my children who shall die without leaving lawful issue that the parent of such child or children would have been entitled had such parent been alive at the time of the death of my said child so dying without

issue." This provision it must be observed applies not to his daughter alone but to all four of his children who took by the residuary clause. Under our cases this might be interpreted as meaning either an indefinite failure of issue, thus creating a fee tail, or a death of the devisee in the lifetime of the testator. Recasting the general language of the clause into specific directions as to this daughter, it might be read in this way, "If Rebecca should die without leaving children, her part shall go to Joseph, John and Martha equally if they then survive, but if either Joseph, John or Martha should have died before Rebecca, leaving children, then such children shall take such part of their aunt Rebecca's share, as their parent would have taken if he or she had survived Rebecca." Assuming this to be a fair paraphrase of testator's language as applied to Rebecca's share, it would seem to indicate his actual intent to refer to the death of Rebecca in his lifetime. But if this construction be not adopted then it is clear that the only other alternative fairly open is that of an indefinite failure of issue. It is not material for the present case which view is taken, it is sufficient that there is nowhere any clear manifestation of intent to cut down the fee given to any child surviving him to a life estate.

There remains the question whether the share of Rebecca was subject to a separate use trust. The words are, "the estate which I have bequeathed to my said daughters, Rebecca and Martha, shall not be liable to the debts nor subject to the control of their respective husbands." The words are sufficient to create a trust if such was the testator's intention. Of themselves they are consistent with such intent but not necessarily demonstrative of it. The testator left both real and personal estate, and included both in the residuary clause, but he did so by the use of both of the technical words "devise and bequeath." And when he indicated his will that his entire estate should be chargeable with the legacies as well as with debts and funeral expenses, he seems to have known that the personal estate would be liable without express words, for he uses only the proper technical term to charge the land, "the estate which I have herein devised to my said children shall be bound and subject," etc. When however he came to express his intention in regard to his daughter's share he used the term "bequeath" only. He may have known that a husband at that time took

his wife's personal estate absolutely, and her realty only for life, and he certainly knew that personal estate is much more easily taken possession of and spent by a husband than land. But whatever his reason, he used the appropriate term to confine the separate trust, if any, to the personal property, and his use of technical words throughout the will is so uniformly accurate as to indicate either knowledge on his part or the assistance of counsel with such knowledge. With this fact so plainly before us we should not be justified in saying that he used the word "bequeathed" in any other than its proper and restricted sense. If this view be thought to savor of technicality, it must be remembered that the subject is technical, and there is no equity in plaintiff's claim to induce a disregard of technicality in order to sustain their present action, against the evidence of their own conduct by deeds of partition, proceedings to bar entails, sales of land and making of titles, for nearly fifty years. Their claim has no merit either in morals or in law. .

Judgment affirmed.