Spangenberg Estate.

Argued April 15, 1948; reargued April 20, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Francis J. Gafford,* with him *Calvin F. Smith* and *Smith, Paff, VanSickle & Gafford,* for appellant.

*Charles P. Maxwell,* for appellee.

*George F. Laub,* for co-appellee.

OPINION BY MR. JUSTICE DREW, May 24, 1948:

This appeal by Julia A. Fritsche, life beneficiary of the residuary estate under the trust created by the will of her cousin, Mary K. Spangenberg, deceased, is from a decree of the Orphans' Court of Northampton County.

Mary K. Spangenberg died unmarried and without issue on December 29, 1945, leaving a last will and testament dated June 30, 1938, together with a codicil thereto dated August 9, 1945. Appellant, who was 69 years of age at the time of testatrix's death, filed exceptions to the first and partial account filed by the executrix on March 21, 1947. It was her primary contention that under the provisions of the will and codicil, the Pennsylvania Transfer Inheritance Tax on the life estate bequeathed to her is payable out of the corpus of the residuary estate, rather than, as urged by the executrix, payable by the life tenant, with the duty imposed on the executrix to collect and pay it out of the first income received from the principal of the trust. The learned auditing judge dismissed appellant's exceptions, and confirmed the account absolutely. The court en banc affirmed that action, and appellant then took this appeal.

By her will, testatrix first directed that her debts and funeral expenses be paid; then made a bequest for the perpetual care of her family burial plot; and finally provided as follows, in the event that her father predeceased her (which in fact happened—he having died on October 20, 1939) : "I give, devise and bequeath all

of my said residuary estate unto my Trustee hereinafter named, in trust, nevertheless, for the following uses and purposes: (a) To invest and reinvest the same, and to collect and receive the issues, income and profits therefrom; and (b) After the payment of all necessary expenses in connection therewith, to pay the net income therefrom, in quarterly payments, to my cousin, Julia A. Fritsche, of Easton, Pennsylvania, during her life; and (c) Upon the death of my said cousin, Julia A. Fritsche, I direct that the said trust shall cease and determine, and I give, devise and bequeath the principal of said trust to the Home for Aged and Infirm Women of Easton."

By her codicil, testatrix made the following bequests: a gift to a cousin, Carrie C. Hay, of any balance of a legacy due testatrix from the Estate of Mary E. Shertzinger, which might remain unpaid at the time of testatrix's death; a gift of $1,000 to a friend; a gift of $1,000 to a servant; and a gift of a wrist watch and a diamond solitaire ring to appellant. She further provided in this codicil: "I direct that all taxes imposed upon my Estate, *as well as all inheritance and transfer taxes on any of the legacies hereinabove given, shall be paid from and charged against my residuary estate.*" (Italics added.)

Appellant does not, and properly could not, dispute the well-settled principle that an inheritance tax is ultimately payable by the legatee or out of the estate passing to her, unless the will clearly indicates, either expressly or by necessary implication, that the legacy was given free of the tax: *Anderson's Estate*, 312 Pa. 180, 167 A. 329; *Rettew's Estate*, 142 Pa. Superior Ct. 335, 16 A. 2d 322. Nor does she attempt to dispute the fact that under the terms of the original will here under consideration the transfer inheritance tax is not payable out of the principal of the estate. See *Brown's Estate*, 208 Pa. 161, 57 A. 360. However, appellant strenuously argues that by the express provisions of the codicil, to-wit: "all inheritance and transfer taxes on any of the

legacies hereinabove given", such taxes, not only on the legacies given in the codicil, but on those given in the original will as well, are payable out of the corpus.

With this contention of appellant we must agree. It is well settled, as set forth in *Riegel v. Oliver*, 352 Pa. 244, 247, 42 A. 2d 602: "The law will impute to a testator's words such a meaning as under all the circumstances will conform to his probable intention and be most agreeable to reason and justice." A will should be read in the ordinary and grammatical sense of the words employed: *Horn Estate*, 351 Pa. 131, 40 A. 2d 471. In *Dutton's Estate*, 301 Pa. 94, 97, 98, 151 A. 697, it was said: "The will and codicil must be construed together as one instrument . . .; and the latter revokes the former only so far as repugnant thereto . . ., or inconsistent therewith. . . . A codicil is rather an addition to than a revocation of the will. . . . 'The clear provisions of a will are only affected by a codicil to the extent absolutely necessary to give effect to the codicil'." Unless a contrary intention appear, a codicil operates as a republication of the original will and makes it speak as of the codicil's date: *Knecht's Estate*, 341 Pa. 292, 19 A. 2d 111. This Court stated, in *Neff's Appeal*, 48 Pa. 501, 509: ". . . the will must be construed 'as if the testator had inserted in the codicil all the words of the will'."

Applying these principles to the will and codicil here before us, it readily appears that it was the clear intent of the testatrix that the legatees of all legacies, including that of appellant's life interest in the residuary estate, were to be relieved of the obligation of paying the transfer inheritance tax and that that burden was to be shifted to the corpus of the residuary estate. Reading the codicil as though all the words of the will had been inserted in it, it is perfectly obvious that the words in the codicil, "hereinabove given", not only were intended by testatrix to refer to the legacies given in the codicil, but also were intended to relate back to those contained

in the original will. If testatrix had desired to limit the payment of the tax out of the corpus to those legacies given in the codicil, she would have so directed. After testatrix's father predeceased her, appellant, her aged cousin, was designated as the chief object of her bounty and the beneficiary of all her residuary estate. No doubt testatrix desired that the transfer tax on appellant's life estate, which she had reduced by the legacies given in the codicil, be paid not by appellant, but rather out of the large corpus of the residuary estate, which was to pass ultimately to a charitable institution. We are firmly convinced that the construction which we have placed upon the codicil carries out the clear intention of the testatrix, and gives full effect to the express provisions of the codicil. Such interpretation only changes the provisions of the will to the extent absolutely necessary to give effect to the codicil.

Decree reversed, and the record is remitted to the court below for further proceedings consistent with this opinion. Costs to be paid by the estate.