## Cowan Estate

*Kunkle & Trescher*, for appellant.

*Everett S. C. Sorber* and *Willis E. Topper*, for Commonwealth.

COPELAND, P. J., November 21, 1951.—The dispute involved in the distribution of this estate arises upon an appeal from the appraisement for inheritance tax purposes of items which the Commonwealth contends are subject to tax.

Decedent, Clyde E. Cowan, died on March 18, 1950, and within the year prior to his death he made three transfers of funds. The first of these transfers, involved in this dispute, was made pursuant to a trust agreement executed on March 21, 1949. Decedent on that date created a trust, and pursuant thereto transferred $200,000 to the First National Bank in Greensburg as trustee. By the terms of this trust, the trustee was to pay, out of income or principal, $750 per month

to Alice Fickling Wertz during her life and at her death to pay $250 per month to each of Nancy Lee Wertz and Clara Fickling Johns, who were a daughter and sister of Alice Fickling Wertz. These latter payments were to be made for a period of 10 years. Upon the death of the survivor of these three beneficiaries or the expiration of the 10-year period, all remaining balance in the trust fund is to be divided between Smith College and Otterbein College.

Although this trust was created within the one-year period, by three days, of the death of Clyde E. Cowan, the Commonwealth does not seriously contend that this transfer was made in contemplation of death and the court finds from the evidence submitted that it was not so made. However, the Commonwealth contends that this was a transfer intended to take effect in possession and enjoyment at or after the death of Clyde E. Cowan, settlor. This contention of the Commonwealth is based solely on the fact that the trust instrument contained an unexercised power of revocation which is as follows:

"ARTICLE III.

"*Power of Revocation*

"The Grantor, together with the Trust Officer of the First National Bank in Greensburg and J. E. Kunkle, Jr. of Greensburg, Pennsylvania, shall have the right and privilege to modify or amend or terminate this Trust Agreement at any time, and in the event of termination the Trustee shall deliver to the Grantor or to his nominee all that remains in this Trust Estate, both principal and income."

Under the decisions of the appellate courts of this Commonwealth, there is no question but that the assets of such an inter vivos trust are taxable when the settlor has retained a beneficial interest in the profits during his life and has reserved a power to revoke the

trust: Todd Trust, 358 Pa. 530; Commonwealth v. Linderman's Estate, 340 Pa. 289; Leffman's Estate, 312 Pa. 236; McEven Estate, 348 Pa. 23. On the other hand it also seems well settled that, where there is no reservation of a beneficial interest in the trust and settlor has no power to revoke it, the funds in the trust are not taxable: Glosser Trust, 355 Pa. 210.

The state of the law in the present situation is not so clear where there is no reservation of a beneficial interest by settlor but he retains a power to revoke the entire agreement. In Dolan's Estate, 279 Pa. 582, the Supreme Court held in 1924, under the same tax provision, that an unexercised right to revoke does not make a trust fund taxable as a transfer of property intended to take effect in possession or enjoyment at the death of grantor. The uncertainty as to the state of the law arises by reason of statements made by the Supreme Court in cases where there was not involved the simple question whether or not a bare, unexercised power to revoke makes the trust fund taxable. The Supreme Court stated in Todd Trust, 358 Pa. 530, 534 (1948):

"The test to be used in determining when a transfer is to be regarded as effective in possession or enjoyment was restated in Glosser Trust, 355 Pa. 210, 215, 49 A. 2d 401: 'The criterion is not whether the beneficiaries are to acquire actual possession or enjoyment at or after the death of the donor but whether the latter has irrevocably parted with all his interest, title, possession and enjoyment in his lifetime'."

As late as March 19, 1951, the Supreme Court failed to say whether or not Dolan's Estate has, in effect, been overruled by the statements in later cases such as Commonwealth v. Linderman's Estate, supra; Todd Trust, supra; Myer's Estate, 359 Pa. 577. In the case of Dorsey Estate, 366 Pa. 557, appellant based

his argument upon Dolan's Estate and the Supreme Court said, page 562:

"The Commonwealth contends that the decision in Dolan's Estate has been in effect overruled by pronouncements in subsequent opinions of this Court. Be that as it may, however, the decision in Dolan's Estate is not here in point, since the Commonwealth is not basing its claim on the fact that there was here what amounted to a reserved right of revocation, but on the fact that the transfer to decedent's beneficiary was intended to take effect in possession or enjoyment only at and after his death."

Such being the state of the law, it necessarily follows, as far as this court is concerned, being bound by the decisions of the appellate courts, that Dolan's Estate, supra, is still the law in this Commonwealth, and, therefore, this court holds that the trust fund created March 21, 1949, is not taxable for inheritance purposes, and, therefore, the first item in the appeal is sustained.

The second item in the appeal alleges that the Commonwealth erred in including among the taxable assets of the estate bank accounts in the names of decedent and Alice Fickling Cowan, his wife, as tenants by entireties in the amount of $171,674.83.

Decedent, Clyde E. Cowan, was 66 years of age at the time of his death. On August 26, 1949, decedent and Alice Fickling Wertz were married. His wife had been his secretary for many years and she was one of the beneficiaries of the trust of March 21, 1949, as discussed above. On September 9, 1949, decedent had bank accounts at the Barclay-Westmoreland Trust Company and the First National Bank in Greensburg, Pa., in the name of C. E. Cowan. On that date he transferred both these accounts to accounts in the names of C. E. Cowan and Alice Fickling Cowan, thereby creating estates by entireties. At decedent's death these accounts amount to $171,674.83. Decedent

died on March 18, 1950, and the cause of death was hypertension, heart disease with congestive failure and subarachnoid hemorrhage. During the 10 years prior to his death he had been admitted on five occasions to the Westmoreland Hospital in Greensburg. These admissions were in 1943, 1945, 1946, 1948 and on March 11, 1950, at which last admission he had a stroke and never recovered consciousness. Each admission to the hospital was for a period of two weeks or less and at all times between these admissions until he suffered a stroke on March 11, 1950, he was a very active man and attended to all his private affairs. From December 1948 until the time of his death he visited the doctor or the doctor went to his home at least once a week and sometimes daily. His attending physician testified that decedent was never, at any time, advised of the nature or seriousness of his condition. After decedent's marriage on August 26, 1949, he and his wife went on a wedding trip and it was shortly after their return that the bank accounts were transferred. The only evidence submitted to the court relative to the transaction on the day the accounts were transferred is that the transfers were made.

By the terms of the Act of June 20, 1919, P. L. 521, art. I, sec. 1, as amended, a transfer made within one year prior to the death of the grantor or donor and without valuable consideration shall, unless shown to the contrary, be deemed to have been made in contemplation of death. This provision, by its terms, casts the burden upon the taxable to show that the transfer was not made in contemplation of death. A transfer made in contemplation of death by a man to himself and his wife as tenants by entireties is taxable to the full amount of the transfer: Carson Estate, 352 Pa. 304.

The question now before the court is whether or not there is sufficient evidence to rebut the statutory pre-

sumption that the transfer was made in contemplation of death. The only inference which would be of benefit to the taxable and which can be drawn from the evidence, is that the transfer was a natural thing to do after the marriage. However, the court cannot take judicial notice that such a transfer is the usual and customary procedure and, therefore, feels that there is no evidence submitted which would rebut the statutory presumption that the transfer was made in contemplation of death. For this reason the second item of the appeal relating to the bank accounts will be dismissed.

The last item of the appeal alleges that the Commonwealth erred in computing the tax on the life estate of Alice Fickling Cowan in the residuary estate without deducting from the face amount of the residuary estate the Federal estate and Pennsylvania inheritance tax. The only Pennsylvania inheritance tax due at this time is on the appraisal of the life estate and it is hardly necessary to say that the Pennsylvania inheritance tax is computed on an estate before such tax is deducted. With reference to computing the inheritance tax on the life estate without first deducting the Federal estate tax, the Act of June 20, 1919, P. L. 521, art. I sec. 2, as amended, provides that "no deduction whatsoever shall be allowed for or on account of any taxes paid on such estates to the government of the United States or to any other State or Territory." The Supreme Court said in Kirkpatrick's Estate, 275 Pa. 271, 275:

"This is plain and unambiguous language, holding that the federal tax should not be deducted in determining the amount of the inheritance tax, and, since there is no constitutional provision forbidding this, we must enforce it as written."

For this reason the third item of the appeal will be dismissed.

## *Decree*

And now, to wit, November 21, 1951, after hearing it is ordered, adjudged and decreed that the appeal of the executors of the estate of Clyde E. Cowan, the trustee under the trust agreement of Clyde E. Cowan, dated March 21, 1949, and Alice Fickling Cowan, from the appraisement and assessment of inheritance tax in the above estate is sustained as to item 1, being the appraisement and assessment of tax upon the sum of $195,328.19, representing the value of the assets held by the First National Bank of Greensburg, Pa., as trustee under the trust agreement of Clyde E. Cowan, dated March 21, 1949; and the appeal as to other items is dismissed, and

It is further ordered that the Register of Wills of Westmoreland County, as agent for the Commonwealth, reassess the tax due upon the assets of the estate, but not including the funds in the trust covered by the trust agreement of March 21, 1949.