Dravo Estate.

Argued March 28, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*William J. Kenney,* with him *Roy Thomas Clark, Donald M. Birch,* and *Kenney, Stevens, Hill & Clark,* for appellant.

*Richard B. Tucker, Jr.,* for appellee.

OPINION PER CURIAM, April 22, 1957:

These appeals are from the construction by the court below of a provision relating to taxes in the will of Fanny M. Dravo, deceased. There is no dispute as to the facts or the history of the case. During her lifetime Mrs. Dravo created two inter vivos trusts under the terms of which Lehigh University was one of a number of beneficiaries who received a remainder interest. The same question as to the construction of the will having arisen following accounts filed by the trustees in each trust and an account filed by the executors of the decedent's estate, the proceedings were consolidated for the purpose of argument and adjudication of the tax question involved. The court en banc entered a final decree dismissing exceptions and affirming the ruling and decree of the auditing judge that the Pennsylvania transfer inheritance tax attributable to the trusts was payable out of the trusts and not out of the decedent's residuary estate. These appeals by Lehigh University followed.

The decree is affirmed on the opinion of Judge BOYLE, the auditing judge, reported at 8 D. & C. 2d 88. Costs of these appeals to be paid by the trustees of the inter vivos trusts.

DISSENTING OPINION BY MR. JUSTICE BELL:

In 1931 Fanny M. Dravo, the testatrix, created two deeds of trust (A and B) under the terms of which the income was payable to Mrs. Dravo's husband for his life, and upon his death the income was payable to the settlor for *her life,* and upon *her* death (1) Trust A was to be paid and distributed among twelve individual donees, outright, or for life with vested or contingent remainders thereafter, and (2) Trust B was to be paid and distributed among four charitable institutions. Mrs. Dravo's husband died February 25, *1934;* Mrs. Dravo died December 11, *1953.* Mrs. Dravo in her last will dated October 24, 1953, left an estate of over a million dollars.

The Commonwealth of Pennsylvania validly assessed Pennsylvania transfer inheritance taxes on the transfer of the trust assets at Mrs. Dravo's death, because these transfers were intended to take effect at her death: *Todd Trust,* 358 Pa. 530, 58 A. 2d 135. The property which was included in the inter vivos deeds of trust (A and B) were (six months after Mrs. Dravo's death) excluded from her federal gross estate by the Director of Internal Revenue. The Orphans' Court considered the account of the executors and the account of the respective inter vivos trustees together, and ruled that the Commonwealth was entitled to approximately $21,000. inheritance tax *from the remaindermen of Trust A and of Trust B, and that the executors of the Dravo Estate were not liable* for the inheritance tax on the inter vivos trust property. A remainderman under Trust A and Trust B has appealed.

The Pennsylvania Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, Article I, §1, 72 PS 2301, as amended, provides: "A tax . . . is hereby imposed upon the transfer of any property, real or personal, . . . to

persons . . . : (a) when the transfer is by will or by the intestate laws of this Commonwealth . . . ."*

The Pennsylvania *"Estate Tax Apportionment* Act of 1951", to wit, the Act of August 24, 1951, P. L. 1405, 20 PS 881, provides: "An Act Relating to the apportionment of estate taxes and providing procedure for enforcement of contribution or exoneration. . . . Section 1. Definitions.—The following words when used in this act, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section: . . . (2) 'Estate Tax' means gross Federal estate tax, including interest and penalty thereon. . . . Section 2. . . . Estate tax, except as provided in subsection (a) of section three, *shall be apportioned* equitably, . . . among all persons interested in property includible in gross estate, . . . and they shall pay the amounts apportioned against them."

Subsection 3 (a) provides: "(a) Powers of Testator or Settlor. A testator, settlor, . . . may direct how the estate tax shall be apportioned . . . . Any such direction shall take precedence over the provisions of this act insofar as the direction provides for the payment of the *estate tax* or any part thereof from property, the disposition of which can be controlled by the instrument containing the direction or delegating the power to another."

Subsection 4 (a): *"Apportionment* of the *estate* tax . . . shall be made among the persons interested in property includible in gross estate in the proportion that the value of the interest of each such person bears to the value of the net estate before exemption . . . ."

---

* At the rate of 2% for husband, wife and lineal descendants; and today at the rate of 15% for collaterals.

Subsection 5 (a) provides: "The fiduciary charged with the duty to pay the tax shall be entitled, and it shall be his duty to recover, from persons liable to apportionment or from whoever is in possession of property includible in the gross estate not in the fiduciary's possession, the amounts of tax apportionable thereto."

The executors, who were successful below, contend that there must be an equitable apportionment under the Act of 1951, i.e., the remainder interest in each trust must pay the Pennsylvania transfer inheritance tax upon the interest passing thereunder, since (a) the direction in Paragraph Seventh of testatrix's will is not clear or free from doubt and consequently (b) it follows that the testatrix did not *clearly* direct her executors to pay *all* taxes.

Paragraph Seventh of Mrs. Dravo's will reads as follows: "I direct my Executors to pay *all** Federal and *State Taxes,* estate, transfer, succession, *and any other taxes* due on account of my death against any property *which may be included* as a part of my estate for tax purposes which shall be subject to the provisions of the law of the State of Pennsylvania relating to the payment and *apportionment* of such taxes; provided, however, that the devises and bequests made by the first six paragraphs immediately preceding shall be free and clear of all such taxes and shall be transferred and paid without deduction or liability for contribution." The tax paragraph is undoubtedly ambiguous, but it does not follow that the Court is powerless to interpret the language and resolve the ambiguity. In my opinion the meaning and intent of Paragraph Seventh would be thus more clearly expressed: "I direct my Executors to pay [1] *all* Federal and *State*

---

* Italics throughout, ours.

*Taxes,* estate, transfer, succession, [taxes] and [2] *any other taxes* due on account of my death against any property which may be included as a part of my estate for tax purposes which shall be subject to the provisions of the law of the State of Pennsylvania relating to the payment *and apportionment* of such taxes; [3] provided, however, that the [small pecuniary] devises and bequests made by the first six paragraphs immediately preceding shall be free and clear of *all such taxes* [i.e., (1) and (2)] and shall be transferred and paid without deduction [for taxes] or liability for contribution." [for their share of the taxes].

Thus written or interpreted, testatrix directed her executors to pay (1) *all* Pennsylvania inheritance taxes and all Federal and Pennsylvania* estate taxes on her own estate; and (2) all *estate* taxes on property which, although held under an inter vivos trust, may be includible as a part of her gross estate for tax purposes and the tax on which is expressly subject (under the law of Pennsylvania) to *apportionment.*

This will, which was obviously drawn by a lawyer, is filled with highly technical language and with the exception of the paragraph pertaining to taxes, was clearly drawn. The word "apportionment"—certainly in the clause or context in which it is used—is a technical word and hence must be given its technical meaning. In *Baldwin Estate,* 377 Pa. 268, 105 A. 2d 52, the Court said (page 273): "In construing a will technical words must ordinarily be given their legal effect since it must be presumed that they were intentionally and intelligently employed: Keating v. McAdoo, 180 Pa. 5, 11, 36 A. 218, 219; Berger Estate, 360 Pa. 366, 371, 61 A. 2d 855, 857."

---

* Act of May 7, 1927, P. L. 859, §1, as amended, 72 PS 2303.

". . . if technical words are used, they will be construed in their technical sense unless a contrary intention clearly appears: . . .": *Blue Anchor Overall Co. v. Pa. L. Mut. Insurance Co.*, 385 Pa. 394, 398, 123 A. 2d 413.

The Pennsylvania inheritance tax is a tax upon the transfer of property to a legatee; its rate is determined by, and its payment in reality is made by, the legatee: *Spangenberg Estate*, 359 Pa. 353, 59 A. 2d 103; *Anderson's Estate*, 312 Pa. 180, 167 A. 329. Cf. *Cochrane's Estate*, 342 Pa. 108, 20 A. 2d 305. Unlike the inheritance tax, the Federal and Pennsylvania *estate* taxes (a) are not a legacy tax and (b) they are specifically made (by the aforesaid Act) subject to payment and *apportionment*.

In *Young Men's Christian Ass'n. v. Davis* (1924), 264 U.S. 47, 44 S. Ct. 291, the Court said (page 50): "It [the federal estate tax] was not a tax upon succession and receipt of benefits under the law or the will. It was death duties, as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death." Cf. also: *Anderson Estate*, 373 Pa. 294, 300, 95 A. 2d 674; Prentice-Hall, Wills Course, Chapter 16, page 2635, §2627.

Furthermore, testatrix directed that the small bequests and devises made in the first six paragraphs of her will shall be free and clear of *all* taxes, and shall be paid without deduction for any taxes and without liability "for contribution" for the legatee's share of taxes. The words "for contribution" accurately apply to the Federal and Pennsylvania estate taxes; they do not accurately apply to Pennsylvania inheritance taxes.

The distinction between the taxes may be more clearly shown by the following examples. Unless a

testator clearly directs otherwise, a son who, for example, is given a $10,000. legacy must pay the Pennsylvania 2% inheritance tax. The executor pays it in the first instance and then deducts the tax from the $10,000. legacy: *Spangenberg Estate,* 359 Pa., supra; *Anderson's Estate,* 312 Pa., supra. This is certainly *not a "contribution"* by the legatee, *nor is the tax apportioned.* On the other hand, if a testator leaves a $90,000. net estate and a son is given, under an inter vivos trust, $10,000. absolutely, upon the death of the settlor-testator, the Federal and Pennsylvania estate taxes *are apportioned.* Those estate taxes are payable in the first instance by the executor, and (in the absence of a contrary testamentary direction) the son contributes his share, namely, 1/10th of the said taxes.

Upon an analysis of this technically drawn will, I would hold that testatrix directed all federal and state taxes should be paid by her executors out of the principal of her (testamentary) residuary estate.

A study of the facts in the cases cited by the lower Court will demonstrate that they are clearly distinguishable and do not support its interpretation of this tax (clause or) paragraph.

For the foregoing reasons, I would reverse the decree of the Orphans' Court and hold that the Pennsylvania inheritance taxes on property which was part of the inter vivos trust must be paid, *as testatrix directed,* by her executors out of her (testamentary) residuary estate.

Mr. Justice BENJAMIN R. JONES joins in this dissent.