## Jacobs Estate

*Harry J. Alker*, for petitioners.
*Stanley B. Cooper*, for respondents.

TAXIS, P. J., October 30, 1958.—The executors of the estate of the above decedent have filed a petition for the apportionment of Federal estate tax on a devise and legacy given to Douglas Perkins and Kay Perkins, and for an order for the payment of Pennsylvania transfer inheritance tax on such devise and legacy. A citation was issued on Douglas and Kay Perkins, respondents and devisees and legatees under the terms of the second codicil to the will of the above decedent, and subsequently an answer to the petition was filed. The issue raised by the pleadings is whether the Federal estate tax and the Pennsylvania transfer inheritance tax should be paid by the executors out of the balance of decedent's residuary estate or whether these taxes should be paid by respondents. The determination of this issue depends upon proper construction of decedent's will and codicil.

Decedent's will was dated August 26, 1946. In items third to twentieth, inclusive, 18 pecuniary and specific

legacies are given to various individuals and organizations. Item twenty-second of the will provides as follows:

"All the foregoing legacies, devises and bequests shall be paid without deduction thereout of any transfer, legacy, succession, estate and inheritance taxes, and any such taxes thereon shall be paid by my executors out of the principal of my residuary estate."

The first codicil, dated August 25, 1946, is holographic, informal in character and was drafted by testatrix herself. In this codicil an additional legacy of $25,000 is given to Harry J. Alker, "free of all taxes."

The second codicil containing the gift in question is dated March 24, 1950, is also holographic and informal in character. This codicil provides as follows:

"Herewith I leave to Douglas & Kay Perkins my share of Summit Hall—furniture, real estate and money—Signed Ellen Newbold Jacobs."

The third codicil, dated November 15, 1951, is typewritten and has been drafted professionally. In this codicil a legacy of $20,000 to one Cheng Dick is substituted for a legacy of $10,000 contained in the will. There also appears the following provisions:

"The foregoing bequest shall be free of all transfer, legacy, succession, estate and inheritance taxes, and any such taxes thereon shall be paid by my Executors out of the principal of my residuary estate."

"In all other respects I ratify and confirm my said will and the first codicil thereto."

The fourth codicil, dated December 10, 1952, is typewritten and was drafted by counsel. In this codicil a legacy is increased from $500 to $5,000 and another legacy is revoked. There also appears the following provision:

"*Third:* In all other respects I ratify and confirm my said will and previous codicils thereto."

It is settled that inheritance tax is ultimately payable by the legatee or out of the estate passing to them unless the will clearly indicates, either expressly or by necessary implication, that the legacy is given free of tax: Spangenberg Estate, 359 Pa. 353.

Respondents contend that a reading of this will together with the four codicils indicates an unmistakable intention on the part of testatrix to relieve the legacy to them of all taxes. In Spangenberg Estate, supra, page 354, the court there said:

" 'The law will impute to a testator's words such a meaning as under all the circumstances will conform to his probable intention and be most agreeable to reason and justice.' . . . 'The will and codicil must be construed together as one instrument . . .; and the latter revokes the former only so far as repugnant thereto . . . , or inconsistent therewith . . . A codicil is rather an addition to than a revocation of the will . . . "The clear provisions of a will are only affected by a codicil to the extent absolutely necessary to give effect to the codicil".' Unless a contrary intention appear, a codicil operates as a republication of the original will and makes it speak as of the codicil's date . . . '. . . the will must be construed "as if the testator had inserted in the codicil all the words of the will".' "

The language in Cummings's Estate, 1 Dist. R. 485, is applicable to the present situation. In that case the question concerned the freedom from tax of a legacy in a codicil. A tax clause was contained in the will but relieved only "the legacies given in this my will" from tax. The situation thus presented is closely analogous to that under consideration where the tax clause in the will relieves only "the *foregoing* legacies" from taxes. The court applied the provisions of the tax clause contained in the will to the legacy contained in the codicil thus relieving it from inheritance taxes.

Judge Penrose observed, at page 491:

"We think, however, that the provision of the will as to collateral inheritance tax is to be understood not as restricted to the legacies then given but as showing the intention of the testator to impose the burden upon his residuary estate in relief of all legacies, whether given by the original will or codicil. It is true, he says, 'all the legacies given in this will' (the codicil not then having been written), 'shall be free from collateral inheritance tax;' but a codicil becomes a part of the will, and legacies given by it are so far given by the will that a testator after such a provision in the will, proper, would not be apt to think its repetition necessary in the codicil."

After a reading of the entire will, together with all of the codicils, testatrix has demonstrated a clear intention to relieve all of her legacies, including that appearing in the second codicil, from the burden of inheritance or Federal estate taxes. This conclusion is fortified by the provisions in the third and fourth codicils which specifically ratify and confirm the will and the previous codicils thereto. A similar situation was considered in Thompson Estate, 64 D. & C. 77, where the court said, at page 84:

"As to the application of item I of the original will, providing for the payment of the State inheritance taxes out of the residuary estate to the bequests in the codicils in each of which there is a specific provision republishing the will, except as it is modified in the codicils, we are clearly of opinion that the provision of the original will for the payment of said taxes is equally applicable to the payment of the estate and inheritance taxes upon the legacies embraced in the codicils, probated and made a part of the will."

Petitioners argue that the first holographic codicil, written one month after execution of the will, contained an express tax provision, and that by employ-

ing this clause in the codicil, testatrix clearly demonstrated an intention that the tax clause in the will was not to be related to the codicils. If the case were otherwise, it is urged, the inclusion of the tax clause in the first codicil would be unnecessary. We can agree with the premise of petitioner's argument that the tax clause in the first codicil was unnecessary, but in the face of the overall testamentary scheme of testatrix and especially in view of the express ratification of the will and all previous codicils contained in the last codicil, it cannot be implied from this alone that testatrix has clearly expressed an intention to impose the burden of taxes on this particular legacy, while the remaining 20 legacies appearing in the testamentary writings of decedent are relieved of the burden of all taxes.

Accordingly, the petition for apportionment of Federal estate tax and petition for an order on Douglas Perkins and Kay Perkins to pay to the executors the Federal estate tax apportioned to their devise and bequest, together with the Pennsylvania transfer inheritance tax thereon, is hereby dismissed.