Purdy, Appellant, *v.* Purdy Estate.

Argued January 10, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edwin B. Barnett*, with him *William H. Turner*, for appellant.

*R. Winfield Baile*, with him *Baile, Thompson & Shea*, for appellees.

OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:

William C. Purdy died testate in 1954 leaving his entire estate to his wife, Marie, for life with an unlimited power to consume principal. The corpus, if any, at her death was given to Mr. Purdy's nephew, Henry P. Purdy, appellant. Mrs. Purdy died in 1965, also testate. This appeal centers about paragraph 18 of Mrs. Purdy's will: "Any and all inheritance, estate and succession taxes whatsoever, either state or federal, *becoming due upon my death,* shall be paid exclusively from my residuary estate, without apportion-

ment . . . and I hereby expressly authorize and empower my said executor to anticipate and pay at any time the entire transfer inheritance tax payable upon the principal of my estate, which might otherwise not become *due and payable* until ultimate distribution." (Emphasis supplied.) Appellant contends that the tax of $26,583.56 imposed upon his remainder interest received from Mr. Purdy should be paid, under paragraph 18 of Mrs. Purdy's will, by Mrs. Purdy's residuary estate. The lower court did not agree, and we hereby affirm that decision.

As well he should, appellant concedes that, absent paragraph 18, he would have to bear the tax at issue. See, e.g., *Lander Estate,* 416 Pa. 605, 207 A. 2d 753 (1965). He insists, however, that this tax became due upon Mrs. Purdy's death and that therefore paragraph 18 directs that the residuary estate is properly charged with the tax. The taxing statutes involved[1] refute this contention and demonstrate that, although the tax at issue was *payable* at Mrs. Purdy's death, it became *due* eighteen months after Mr. Purdy's death. The Act of May 7, 1927, P. L. 859, §3, as amended, 72 P.S. §2303b, provides: "Any tax imposed under the provisions of this act shall become *due and payable* at the expiration of eighteen months from the date of death of the decedent [here, Mr. Purdy]." (Emphasis supplied.) However, in the case of future interests, payment of the tax is postponed under the Act of June 20, 1919, P. L. 521, §3, as amended, 72 P.S. §2304: "Where there is a transfer of property by a devise, descent, bequest, gift, or grant, liable to the tax hereinbefore imposed, which devise, descent, bequest, gift, or grant is to take effect in possession or to come into actual enjoyment

---

[1] The statutes hereinafter cited are applicable only to the estates of individuals dying before January 1, 1962. See generally, *Pickering Estate,* 410 Pa. 638, 190 A. 2d 132 (1963).

after the expiration of any one or more life-estates . . ., the tax on such estate shall not be *payable* . . . until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life . . . . The tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner, but the owner may pay the tax at any time prior to his coming into possession." (Emphasis supplied.)

Obviously, the legislature has used the words "due" and "payable" to indicate different temporal references and, when dealing with remainders, has made the tax due eighteen months after the death of the individual creating the remainder but not payable until the death of the life tenant.[2]  Appellant had the option of paying the tax due on his remainder interest prior to Mrs. Purdy's death.  His choice not to was likely motivated by his belief that Mrs. Purdy would consume a goodly portion of the principal, thus resulting in lower taxes for the remaindermen.  See *Herberton Estate,* 351 Pa. 564, 41 A. 2d 654 (1945).  Had appellant availed himself of the early payment option, he could not contend that Mrs. Purdy's residuary estate was liable for the tax already paid.  Having chosen to wait until Mrs. Purdy's death, he cannot also thereby avoid taxation due at Mr. Purdy's death.

That Mrs. Purdy understood the distinction between a tax that is due and one that is payable is demonstrated by paragraph 18.  She wished her residuary estate to be liable for all taxes "becoming due upon my death" yet empowered her executors to disburse funds

---

[2] Certainly, the words "due" and "payable" are not always identical.  See Black's Law Dictionary, p. 589 (4th ed. 1951): "A debt is often said to be *due* from a person where he is the party owing it, or primarily bound to pay, whether the time for payment has or has not arrived." (Emphasis in original.)

for taxes on her estate that might be "due and payable" in the future. Appellant seeks to avoid the import of this duality of language by reference to what he classifies as analogous situations. In *Lander Estate,* supra, we held that under a clause similar to that contained in Mrs. Purdy's will the residuary estate was liable for taxes assessed against property which decedent owned as a joint tenant. *Dravo Estate,* 388 Pa. 551, 131 A. 2d 351 (1957) held that, given a provision in a will similar to Mrs. Purdy's, the tax due on the remainder interest of an inter vivos trust created by decedent should be paid by decedent's residuary estate. We thus agree with appellant that taxes on extra-testamentary property can be payable by a residuary estate. But the cases cited are not this case, for in both *Dravo* and *Lander* the tax was *due* on the death of the testator whose will contained the clause placing liability for taxes on the residuary estate. In the present case the taxes were due on the death not of the testatrix but of Mr. Purdy, and the clause in Mrs. Purdy's will therefore has no impact on appellant's tax liability.

The decree of the Orphans' Court of Delaware County is affirmed. Each party to pay own costs.