373 A.2d 737

**In the Matter of the ESTATE OF Hubert NOTEBOOM, Deceased.**

**Appeal of Hubert NOTEBOOM, II.**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1976.

Decided June 3, 1977.

34

Pratt, Clark, Gathright & Price, Hale Pratt, Doylestown, for appellant.

Richard J. Habgood, Feasterville, for appellee, Margaret McK. Devlin, Executrix of Est. of Hubert Noteboom, deceased.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from a final decree of the Orphans' Court Division of the Court of Common Pleas of Bucks County. The final decree confirmed the first and final account filed in the Hubert Noteboom Estate and dismissed the exception to the account of appellant, Hubert Noteboom, II.

The facts surrounding this appeal are undisputed and are as follows.[1] On December 2, 1935, Frances A. H. Noteboom and her husband, Hubert Noteboom, executed an inter vivos deed of trust whereby she transferred to a

1. The facts in the instant case were stipulated to by the parties.

corporate trustee, Newton Bank and Trust Company (now Central Penn National Bank of Philadelphia) certain real and personal property.[2] The trust agreement provided that the settlor and her husband would occupy, use and enjoy the corpus of the trust for the duration of their lives and the life of the survivor. Upon the death of the survivor, their son (appellant) would occupy, use and enjoy the corpus of the trust until age twenty-one. Upon appellant reaching majority, the trustee had the authority to either transfer to appellant fee simple title to the trust corpus, or to sell the corpus, with appellant's approval, and pay to him the net proceeds of that sale. The principal asset which composed the corpus of this trust was a sixty-acre farm in Northampton Township, Bucks County.

Frances A. H. Noteboom died on March 18, 1970, intestate, survived by her husband and son. Hubert Noteboom, the husband, died on March 15, 1972.

On September 27, 1972, the trustee paid federal estate tax in the amount of $34,191.00 as a result of the inclusion of the farm as part of Frances Noteboom's intestate decedent's estate. On November 21, 1972, the trustee also paid $2,620.40 in interest on the above federal estate tax.

On September 27, 1972, trustee paid $12,585.00 in Pennsylvania inheritance tax on Frances Noteboom's estate, and on January 9, 1973, the trustee paid $991.14 in interest on the state inheritance tax.

The only asset of the estate of Frances A. H. Noteboom was the above farm that was the subject of the deed of trust. The net proceeds of the sale of the farm went to appellant. On March 27, 1974, the trustee assigned to appellant the trustee's "claim" against the fa-

---

2. Hubert Noteboom, the husband of Frances Noteboom, joined in the execution of the above inter vivos deed of trust not as a joint tenant by the entireties, but only to convey his inchoate curtesy interest.

ther's estate for reimbursement of the payment of the estate and inheritance taxes due in Frances A. H. Noteboom's estate. Appellant presented this claim to the executrix of his father's estate, who denied payment. Appellant then filed his objection to the first and final account. The court below denied the objection and confirmed the account. Appellant filed exceptions, which were denied, and the court then entered its final decree. This appeal followed.

The basis of appellant's claim for reimbursement from his father's estate for payment of inheritance and estate taxes arising from his mother's estate centers on the following provision in the inter vivos deed of trust, which provides in relevant part:

*"To have and to hold the said estate, real and personal, hereinabove conveyed for the following uses and purposes:*

*"1. In trust, to allow and permit the said donor and her said husband, Hubert Noteboom, to possess, occupy and enjoy the use and benefit of the above described trust estate, real and personal, for and during the period and term of their natural lives, and the life of the survivor of them, without the payment of any rent or hire for the use and enjoyment of said trust estate, provided, however, that during the said period of possession, occupancy and enjoyment the said trustor, and in the event of her deceased, leaving to survive her, her said husband, the said Hubert Noteboom, shall and will at all times pay and discharge all taxes whatsoever that may be assessed annually or otherwise, against the trust estate with reasonable promptness as and when said taxes become due and payable, and to present to and file with the trustee all tax receipts showing said payments,* and that they will also keep said trust estate properly and adequately insured in reliable insurance companies against any loss or damage by fire, windstorm or tornado, and likewise present to

and file with said trustee proper receipts or vouchers showing said payments; and that they will further pay the interest accrued and to accrue upon the above recited mortgage, and the principal sum secured by said mortgage, as and when the same fall due, and likewise present to and file with the said trustee proper receipts or vouchers showing said payments." (Emphasis supplied.)

Appellant argues that the above language of the inter vivos deed of trust clearly places the burden to pay the federal estate and Pennsylvania inheritance taxes on the decedent, Hubert Noteboom, and removed such burden from the estate of Frances A. H. Noteboom. We do not agree.

The factual setting and the specific question of the instant case have not been previously addressed by this court. The cases decided under the Estate Tax Apportionment Act, Act of June 30, 1972, P.L. 508, No. 164, § 2, eff. July 1, 1972, 20 Pa.C.S.A. §§ 3701–3705, and its predecessor were concerned with whether the language of a "pay-tax" clause was sufficiently precise and definite to alter the statutory presumption created by the Apportionment Act, *supra,* as to "where" the burden of death tax fell. See generally *Neamand Estate,* 456 Pa. 22, 318 A.2d 730 (1974), *Erieg Estate,* 439 Pa. 550, 267 A.2d 841 (1970) and *Dravo Estate,* 388 Pa. 551, 131 A. 2d 351 (1957).

The instant case raises the question of whether Pennsylvania inheritance tax and federal estate tax were meant to be included in the "pay-tax" clause of this inter vivos deed of trust. The rationale of the cases decided under the Apportionment Act, *supra,* however, are instructive in analyzing the instant question.

In *Erieg Estate, supra,* this court stated:

"We must begin with the proposition that the several applicable statutes create 'a presumption that a testator intends that proration should be made in accord-

ance with . . . [the statutory] terms, unless his will contains a specific provision, clearly expressed, inconsistent with such presumption, and, to accomplish that result, his language must not be of doubtful import.' *Stadtfeld Estate,* 359 Pa. 147, 152, 58 A.2d 478, 481–82 (1948) (interpreting the now repealed predecessor of the Act of August 24, 1951, P.L. 1405, as amended 20 P.S. §§ 883–84). See *Wahr Estate,* 370 Pa. 382, 88 A.2d 417 (1952). The aim of these statutes is to promote the presumed intentions of most testators. Since the statutes represent the Legislature's judgment as to the normal intention of testators, the provision which renders them inapplicable must be unambiguous and open to no other interpretation. *In re Shubert's Will,* 10 N.Y.2d 461, 225 N.Y.S.2d 13, 180 N.E.2d 410 (1962)."

■ We are of the opinion that the same high degree of specificity required in attempts to shift the tax-paying burden contrary to the statutory scheme is also required when determining whether the Pennsylvania inheritance tax and federal estate tax are included in broadly worded pay-tax clauses of inter vivos deeds of trust.

The initial inquiry in this case must be to determine whether Pennsylvania inheritance and federal estate taxes were included in the following provision:

". . . Provided, however, that during the said period of possession, occupancy and enjoyment *the said trustor, and in the event of her deceased, leaving to survive her, her said husband, the said Hubert Noteboom, shall and will at all times pay and discharge all taxes whatsoever that may be assessed annually or otherwise, against the trust estate* with reasonable promptness as and when said taxes become due and payable, and to present to and file with the trustee all tax receipts showing said payments." (Emphasis supplied.)

A strict construction of the above provision does not allow inclusion of "death taxes" within its meaning.

Initially, specific language must be required where, as here, appellant's interpretation of the pay-tax clause seeks to impose tax liability on an individual who received no benefits under the distribution of the estate of his wife-decedent. Hubert Noteboom, the father, had a life estate prior to the death of his wife in 1970, and continued to have a life estate until his death in 1972. In such case it would be highly inequitable to require a nonbenefiting individual to be subject to inheritance and estate tax liability, absent highly specific language compelling such a result.

Secondly, the tax provision clause is followed by two similarly worded provisions dealing with fire and casualty insurance payments and mortgage payments. The intent of the paragraph is that all the current and recurring expenses of owning the real estate were to be assumed by the life tenants during their lives rather than by the trustee.

Thirdly, Pennsylvania inheritance tax and federal estate tax would not be chargeable against the "trust estate" of Frances A. H. Noteboom per se; rather, such taxes would be chargeable against the "decedent's estate" of Frances Noteboom. In the instant case, the two estates are one and the same. However, "trust estate" and "decedent's estate" are legal terms of art and must ordinarily be given legal effect unless a contrary intention clearly appears. See *Blue Anchor Overall Co. v. Pa. L. Mut. Ins.*, 385 Pa. 394, 123 A.2d 413 (1956), and *Baldwin Estate*, 377 Pa. 268, 105 A.2d 52 (1954).

Lastly, the "pay-tax" clause makes Frances herself liable to pay "all taxes whatsoever" during her lifetime with Hubert succeeding to her liability after her death. In reading the tax clause in context with the insurance and mortgage clauses of the same paragraph,

and, considering the legal difference between trust estate and decedent estate and the wording that Frances Noteboom was liable for "all taxes whatsoever", we are of the opinion that the proper scope of the tax clause in this inter vivos deed of trust pertains to current real estate, personal property or income taxes chargeable against the trust estate. The language is not of the specificity to require payment of the inheritance and estate taxes of Frances Noteboom by her husband, Hubert Noteboom.

Decree affirmed. Costs to be borne by appellant.

JONES, former C. J., took no part in the consideration or decision of this case.